# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,  :  Case No. 3:22-cv-065

 - vs -          District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO VACATE TRANSFER

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Vacate the Transfer of his case to this Court from the Northern District of Ohio (ECF No. 39).[1]

Petitioner Folley filed this case in the United States District Court for the Northern District of Ohio on December 13, 2021 (ECF No. 1). On March 3, 2022, District Judge Sara Lioi of that Court found that Folley was incarcerated at the Grafton Correctional Institution and that he had been convicted of the offenses for which he was incarcerated in the Common Pleas Court of Montgomery County, Ohio. *Id.* at PageID 694.

Relevant to jurisdiciton, Judge Lioi found:

---

[1] As filed, the label on the Motion is "Zestfulness of Petitioner Motion of Vacate Transfer Order to the Southern District." The word "zestfulness" is repeated many times in the Motion, but this Court does not understand it to have any legal significance.

1

> Finally, Folley challenges the judgment of conviction entered by the Montgomery County Court of Common Pleas. Montgomery County is within Ohio's southern federal judicial district. He is currently incarcerated in GCI. GCI is located within Ohio's northern federal judicial district. Because Folley challenges the conviction of a state court within the Southern District of Ohio but is in custody in the Northern District of Ohio, both districts have concurrent jurisdiction over the action. 28 U.S.C. § 2241(d).

(ECF No. 33, PageID 696). She concluded she had discretion to transfer the case to this District and that this District was the more convenient forum in terms of available evidence and this Court had some prior familiarity with the case because Folley had previously filed for habeas corpus relief in this Court. *Id.*, citing *Folley v. Banks*, No. 1:20-cv-177, 2020 WL 2193319, at *2 (S.D. Ohio May 6, 2020), certificate of appealability denied, 2020 WL 9813535 (6th Cir. Aug. 31, 2020). Judge Lioi denied all the then-pending motions and ordered the case transferred here (ECF No. 33, PageID 697). Since the transfer, this Court has complete the screening process under Rule 4 of the Rules Governing § 2254 Proceedings and ordered the State to answer (ECF No. 38).

The crux of Folley's arguments is that this Court does not have jurisdiction to consider his case. 28 U.S.C. § 2241(d), relied on by Judge Lioi, provides:

> **(d)** Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Ohio has two judicial districts, the Northern and the Southern. 28 U.S.C. § 115. Because the Grafton Correctional is located in Lorain County which is in the Northern District, it was proper

2

for Folley to file in that Court in the first instance. 28 U.S.C. § 115(a)(1). However, because he was convicted at a trial in the Montgomery County Court of Common Pleas, it would also have been proper for him to file in this Court. 28 U.S.C. § 115(b)(1).

When a case comes within 28 U.S.C. § 2241(d), that statute places the issue of transfer within the discretion of the assigned judge in the district of filing. To put it another way, the transferee court does not have discretion to refuse the transfer. Because of the location of trial, the Dayton location of court is the proper venue for this case under the local rules. S. D. Ohio Civ. R. 82.1(f).

Folley's first objection is that a habeas court must have personal jurisdiction over the custodian (ECF No. 39, PageID 19). He reasons that because Respondent resides in the Northern District, this District does not have personal jurisdiction, relying on *Roman v. Ashcroft,* 340 F 3d 314 (6th Cir. 2003). *Roman* in turn relies on *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973), which holds a "court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian." *Id.* at 495. Pursuant to the immediate custodian rule, a prisoner filing a habeas corpus petition should generally name as a respondent the warden of the prison where he is confined. 340 F.3d at 320. Warden Foley is therefore properly names as the Respondent.

However, the fact that he resides in the Northern District does not mean this Court does not have personal jurisdiction over him. In general United States District Court have the authority to exercise personal jurisdiction by issuing process to anyone within the State where they sit or outside the State within a one hundred mile radius of the courthouse. Fed.R.Civ.P. 4 and 4.1. Under the Rules Governing § 2254 Cases, the order for an answer is to be directed to the respondent; in Ohio this is done by directing the Order for Answer to the Respondent and the

3

Attorney General who is designated to represent the wardens of state correctional facilities (ECF No. 38, PageID . That is exactly what this Court has done by serving the Order for Answer on the Attorney General of Ohio, thereby exercising personal jurisdiction over Warden Foley (Order, ECF No. 38, PageID 16).

Folley next objects that the unlawful restraint must occur within the territorial jurisdiction of the court that issues the writ. But 28 U.S.C. § 2241(d) places Grafton Correctional within the territorial jurisdiction of this Court for habeas corpus purposes.

Folley relies on *United States ex rel Van Scoten v. Pa.*, 404 F.2d 767, 769 (3d Cir. 1969), for the proposition that a federal court may not issue a writ for a person confined in a different territorial jurisdiction. *Van Scoten* is not in point because the petitioner was confined in a New Jersey jail, and not in the Eastern District of Pennsylvania where the suit was brought.

Folley concludes his Motion by threatening to file a writ of prohibition to prevent this Court from proceeding (ECF No. 39, PageID 22). Because Folley is proceeding *pro se*, the Court feels it appropriate to advise him that it might be compelled by law to stay these proceedings pending a decision by the Sixth Circuit on whether to issue such a writ.

**Conclusion**

Because habeas jurisdiction is plainly permitted by 28 U.S.C. § 2241(d), Folley's Motion to Vacate the Transfer is DENIED.

March 11, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

4