# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,    :    Case No. 3:22-cv-065

 - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

    :

        Respondent.

## SUPPLEMENTAL MEMORANDUM

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Folley's Objection (ECF No. 53) to the Magistrate Judge's Decision and Order Denying Writ of Prohibition (ECF No. 46).  District Judge Rose has recommitted the case for reconsideration of the Writ of Prohibition (ECF No. 54).

Petitioner Folley filed in this habeas corpus case what he captioned as "Writ of prohibition of the Petitioner for Anti-Semitic Tactics Made By Judicial Official" (ECF No. 45).

The Magistrate Judge had already denied Folley's Motion to Vacate the Transfer of this case from the Northern District of Ohio because this Court, contrary to Folley's assertions, has jurisdiction over his habeas corpus case, properly invoked by Judge Lioi's Transfer Order.  The prohibition motion appears to be an additional attempt to avoid the transfer.

As authority for issuing the writ, Folley relied on Fed.R.Civ.P. 64 which authorizes federal district courts to use at the outset of a case every remedy available under state law "for seizing a

1

person or property to secure satisfaction of the potential judgment." The Rule lists specific remedies thus authorized, which do not include prohibition. Folley cites no authority for his claim that prohibition is included and it is not a remedy for seizing a person or property. Rule 64 does not authorize a writ of prohibition and Folley's Motion should be denied on that basis alone.

Folley next relies on the All Writs Act, 28 U.S.C. § 1651 and cites *In re Ellis (Dorothy Druin)*, 725 F.2d 683 (Table)(6th Cir. 1983) for the proposition that "The traditional use of the Writ of Prohibition is to confine an inferior court to a lawful exercise of its jurisdiction." (ECF No. 45, PageID 46). While *Ellis* does not support that proposition because there is no opinion at all, the Magistrate Judge agrees that confining a lower court to the proper exercise of its jurisdiction is the primary function of the writ. "The object of a writ of prohibition is to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance." *Smith v. Whitney*, 116 U.S. 167, 176 (1886). Ohio law is to the same effect. *State ex rel. Mayer v. Henson*, 97 Ohio St. 3d 276 ¶ 12 (2002). If this Court patently lacks jurisdiction to decide Folley's habeas corpus case, then the **Sixth Circuit Court of Appeals** could appropriately issue a writ of prohibition preventing us from proceeding. If Judge Rose adopts the Magistrate Judge's conclusion that this Court has jurisdiction, Folley could test that conclusion by seeking a writ of prohibition from the appellate court. But seeking a writ from a court to prevent that very court from proceeding is not proper; we are not an inferior court to ourselves. Folley essentially admits this point by arguing:

> The ACTION OF PROHIBITING the United States District Court For The Southern District Of Ohio from ENTERTAINING THIS HABEAS CORPUS PROCEEDING can only ne [sic] ascertained by the United States Court Of Appeals For The Sixth Circuit to send this case back to the NORTHERN DISTRICT OF OHIO.

(ECF No. 45, PageID 48).

Finally, Folley seeks prohibition because he alleges he is Jewish and Judge Lioi acted out of an anti-Semitic motive (ECF No. 45, PageID 48). In the Decision denying prohibition, the Magistrate Judge wrote "[t]hat is a very serious allegation of judicial misconduct, but Folley provides no evidence whatsoever of its truth. Folley claims to be Jewish, but also provides no reason that the transferor judge would have known that." (ECF No. 46, PageID 52). Ultimately the writ was denied for lack of jurisdiction. *Id.*

In his Objections Folley refers to two prior federal cases for proof of Judge Lioi's Anti-Semitic motivation, to wit, Cases No. 1:20-cv-177 in this Court and Case No. 1:21-cv-02264 on the docket of the United States District Court for the Northern District of Ohio. The references, to the extent the Court can follow them at all, do not show any Anti-Semitic bias on Judge Lioi's part. For example, Folley asserts that

> The Petitioner" had filed "Motion For Summit To Pay Mr. David Aaronson $18 million For Budget Of Petitioner "*Bounds v. Smith*" Rights" filed in the United States District Court For The Southern District Of Ohio (Cincinnati Division) in regards to case number 1:20-cv-00177-KLL. Mr. Aaronson is "Torah Facilitator" at Temple Israel Of Hollywood, California. The judicial official, Judge Sara Lioi stated that she reviewed this case. The Anti-Semitic tactics is based on Judge Lioi transferring this case to the Southern District.

(Objections, ECF No. 53, PageID 133). The 20-cv-177 case is Folley's pretrial habeas corpus case under 28 U.S.C. § 2244. In the referenced filing he asserted that Summit Behavioral, the place where he was confined for evaluation, was obliged to pay Mr. Aaronson $18 million to compensate Aaronson for providing Folley with document services in that case. The Magistrate Judge could find no place where it was asserted Mr. Aaraonson was a "Torah facilitator," or in what way that qualified him to received $18 million in fees. From the fact that Judge Lioi said she reviewed the proceedings in that case, Folley wants this Court to infer she knew Folley was Jewish. There are more non sequiturs in that chain of logic than this Court is capable of calculating.

3

Moreover, Folley has his logic upside down. If Judge Lioi were in fact Anti-Semitic and determined to punish Folley for being Jewish, she could have kept his case and rules against him, whereas by transferring the case to this Court, she increased the probability his case would be heard by a Jewish judge, of whom there are at least two on this Court. If this Court granted his Motion to Vacate and returned the case to Cleveland, assuming the truth of Folley's assertions about bias, it would be colluding in keeping his case before a judge he believes to be anti-Semitic. Simply put this is uncorroborated racist nonsense.

This Court has subject matter jurisdiction of this case. The Court should overrule Folley's Objections.

March 28, 2022.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge