UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEREK O. FOLLEY, | : | |
| | : | |
| Petitioner, | : | Case No. 3:22-cv-65 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| KEITH J. FOLEY, Warden, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Respondent. | : | |

**ENTRY AND ORDER OVERRULING OBJECTION TO THE DECISION OF 'WRIT OF PROHIBITION' OF THE PETITIONER FOR ANTI-SEMETIC TACTICS MADE BY JUDICIAL OFFICER (DOC. NO. 53), AND ADOPTING THE MARCH 15, 2022 DECISION AND ORDER DENYING WRIT OF PROHIBITION (DOC. NO. 46) AND THE MARCH 28, 2022 SUPPLEMENTAL MEMORANDUM (DOC. NO. 56) AS THE ORDER OF THIS COURT**

This 28 U.S.C. § 2254 *habeas corpus* case is before the Court on the "Objection to the Decision of 'Writ of Prohibition' of the Petitioner for Anti-Semitic Tactics Made By Judicial Official" (Doc. No. 53) (the "Objection"), filed by Petitioner Derek O. Folley ("Petitioner").

On March 15, 2022, Petitioner filed in this district court a "'Writ of Prohibition' of the Petitioner For Anti-Semitic Tactics Made by Judicial Official" (Doc. No. 45) (the "Writ of Prohibition"). Magistrate Judge Michael R. Merz subsequently issued a "Decision and Order Denying Writ of Prohibition" (Doc. No. 46) (the "Decision") that, as its title indicates, denied the Writ of Prohibition. Petitioner timely filed the Objection on March 25, 2022. (Doc. No. 53.) The undersigned recommitted the case to Judge Merz for reconsideration (Doc. No. 54), and Judge Merz issued a Supplemental Memorandum (Doc. No. 56) on March 28, 2022 that provided further support for denial of the Writ of Prohibition and stated that the Court should overrule the Objections. Petitioner did not file any additional objections regarding the Decision or the

1

Supplemental Memorandum, and the time to do so has now passed. *See* Fed. R. Civ. P. 72.

In a decision issued prior to Petitioner filing the Writ of Prohibition, Judge Merz had explained that "habeas jurisdiction [in this district court] is plainly permitted by 28 U.S.C. § 2241(d)," and he denied Petitioner's motion to vacate the transfer of this action from the United States District Court for the Northern District of Ohio to this Court. (Doc. No. 40.) In the Decision at issue now, Judge Merz explained that "Petitioner is correct that a writ of prohibition is the proper remedy to prevent a lower court from attempting to exercise jurisdiction it does not have," but that "Folley has filed his request for prohibition in the wrong court." (Doc. No. 46 at PageID 51; *see also* Doc. No. 56 at PageID 141 (quoting *Smith v. Whitney*, 116 U.S. 167, 176 (1886) ("[t]he object of a writ of prohibition is to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance")).) "To obtain a writ to prevent this Court from exercising jurisdiction, the writ must be issued from the Sixth Circuit Court of Appeals." (Doc. No. 46 at PageID 51.) In the Supplemental Memorandum, Judge Merz also pointed out that Folley essentially admits that "seeking a writ from a court to prevent that very court from proceeding is not proper" when Petitioner argued in the Objection: "The ACTION OF PROHIBITING the United States District Court For The Southern District Of Ohio from ENTERTAINING THIS HABEAS CORPUS PROCEEDING can only ne [sic] ascertained by the United States Court Of Appeals For The Sixth Circuit to send this case back to the NORTHERN DISTRICT OF OHIO." (Doc. No. 56 at PageID 141 (quoting Doc. No. 45 at PageID 48).)

The Court addresses the Objection under Federal Rule of Civil Procedure 72(a).[1] Pursuant

---

[1] Even if the Court were to characterize the Writ of Prohibition as a dispositive matter, and correspondingly address the Objection under Federal Rule of Civil Procedure 72(b), the outcome regarding the Objection and the Writ of Prohibition would be the same. Even considering, *de novo*, all parts of Judge Merz's disposition to which Petitioner has properly objected, the Court would accept the disposition set forth in the Decision and the Supplemental Memorandum, overrule the Objection, and deny the Writ of Prohibition.

to Federal Rule of Civil Procedure 72(a), when a party files timely objections to a magistrate judge's decision that involves nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [the Magistrate Judge's] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (Table), 1994 WL 83265.

The undersigned has reviewed the record and considered the Objection filed by Petitioner. The undersigned finds that no part of the Decision or the Supplemental Memorandum is clearly erroneous or contrary to law. The undersigned agrees with the reasoning of Magistrate Judge Merz and **ADOPTS**, in full, the March 15, 2022 Decision and Order Denying Writ of Prohibition (Doc. No. 46) and the March 28, 2022 Supplemental Memorandum (Doc. No. 56) as the Order of this Court. Accordingly, the Court **OVERRULES** Petitioner's Objection (Doc. No. 53). Petitioner's "'Writ of Prohibition' of the Petitioner For Anti-Semitic Tactics Made by Judicial Official" (Doc. No. 45) has been denied. This case is to proceed.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 18, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE