# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,      :      Case No. 3:22-cv-065

  - vs -                            District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                              :

        Respondent.

---

# REPORT AND RECOMMENDATION ON MOTION FOR RECUSAL OF DISTRICT JUDGE THOMAS M. ROSE

---

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Folley's Motion for Recusal of District Judge Thomas M. Rose (ECF No. 75).

Confusingly, in the caption Folley refers to the recusal of "Magistrate Judge Thomas Rose" (PageID 255). Then at PageID 256 and 257 he refers to the Recusal of "Magistrate Judge Michael R. Merz." Folley also continues to include the names of Chief Judge Algenon Marbley and Senior District Judge Walter Rice in the caption, although neither one of them has ever been assigned to this case. To be clear, the undersigned regards the Motion *sub judice* to be seeking the recusal of District Judge Thomas M. Rose to whom this case is assigned. Judge Rose is, and has been since 2002, a United States District Judge appointed by the President of the United States and confirmed by the United States Senate, and never a Magistrate Judge.

1

Folley has moved twice for the recusal of the undersigned (ECF Nos. 63, 71), both of which motions have been denied.  The same legal standards apply to the proposed disqualification of all United States Judges, to wit, 28 U.S.C. § 144 and § 455.

Folley begins his Motion with an argument under the Judicial Misconduct and Disability statute.  Complaints under that statute are required to be filed with the Sixth Circuit Court of Appeals in Cincinnati, and not in the case in which the judge sought to be disqualified is sitting.

The procedure for disqualifying a federal judge is well established. Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se*, no counsel's certificate is required[1]. If the affidavit is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D*,* §§ 3541, et seq.*,* particularly § 3550.

To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons and circumstances.  *Berger v. United States*, 255 U.S. 22 (1921).  Such detail is necessary to prevent abuse of § 144.  *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968).  Folley's Motion for Recusal is legally insufficient under 28 U.S.C. 144 because it is not accompanied by an affidavit at all.

Under 28 U.S.C. § 455, different procedure is applicable:  no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte*.  There is

---

[1] Folley has filed what purports to be a Certificate of Counsel of Record (ECF No. 64). Folley is not an attorney; although he is representing himself in this action, that does not qualify him to be "counsel of record" for purposes of 28 U.S.C. § 144. Such a certificate is not required when a party is proceeding *pro se*.

2

no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

§ 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned. "This statute embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Ligon v. City of New York (In re Reassignment of Cases)*, 736 F.3d 119, 123 (2nd Cir. 2013), *vacated on other grounds* 743 F.3d 362 (2nd Cir. 2014), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d

409, 423 (6th Cir. 2003), *citing Grinnell*, *supra*; *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

Folley's allegation of bias against Judge Rose is that he has "conspired" with the

4

undersigned to "appease" Montgomery County Prosecutor Mathias Heck after the undersigned "finagled" himself into Folley's two pending cases in this Court. The charges of appeasement and finagling are both rebutted in the Decision and Order Denying Motion for Recusal of the undersigned (ECF No. 66). Folley offers no new evidence of "appeasement" or "finagling" against the undersigned; the only evidence of conspiracy is that Judge Rose has not reversed any of the undersigned's decisions of which Folley complains.

I have not spoken, on or off the record, with Judge Rose about this case; all of our communication has been in writing and publicly filed. When a District Judge refers a case to a Magistrate Judge, the review process for the Magistrate Judge's decisions or recommendations is strictly governed by law. To infer an unlawful conspiracy between a Magistrate Judge and a District Judge from the fact that the District Judge has adopted the Magistrate Judge's findings of fact and conclusions of law would require changing judges in a case every time the District Judge thought the Magistrate Judge got it right, an absurd result.

**Conclusion**

Folley has offered no proof of any extrajudicial bias or prejudice on the part of Judge Thomas Rose toward him. His Motion to Recuse Judge Rose is legally frivolous and should be denied.

April 20, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #