# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,      :      Case No. 3:22-cv-065

- vs -      District Judge Thomas M. Rose
      Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

        :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Folley's Motions (1) to Treat the Habeas Corpus Application as an Unopposed Legal Pleading after the Respondent['s] 7/8/2022 Deadline Has Expired (ECF No. 84); (2) Execution of a Disciplinary Investigation Against Ms. Mary Ann Reese, Esq. (ECF No. 82); and (3) Release of Custody with a $1,000,000 Bond (ECF No. 83).

The Motion to Treat the Habeas Corpus Application as an Unopposed Legal Pleading after the Respondent['s] 7/8/2022 Deadline Has Expired (ECF No. 84) is DENIED without prejudice to its renewal if in fact the Return of Writ and State Court Record are not filed by the deadline presently set by the Court or any extension thereof. The Court declines to speculate whether Respondent will seek as further extension or will be able to show good cause therefor.

The Motion for execution of a disciplinary investigation of Respondent's counsel Mary Ann Reese is DENIED. Petitioner has not shown good cause for any such investigation.

1

The Motion for Release on bond is likewise DENIED. Petitioner cites to Fed. R. App. P. 23(c) which creates a presumption that a habeas petitioner should be admitted to bond when he or she has been granted a writ of habeas corpus. Whether to grant a stay of a habeas decision pending appeal depends on the same factors usually consulted on a stay pending civil appeal. *Gillispie v. Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 147841 (S.D. Ohio Dec. 22, 2011):

> The factors traditionally considered in deciding whether to stay a judgment in a civil case... are
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at *2, *quoting Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987), *citing* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973).

A district court also has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Folley has not shown either likely success on the merits or any special circumstance. Indeed, he makes no argument in his Motion suggesting either likely success on the merits or any special circumstance.

June 7, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge