# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,  :  Case No. 3:22-cv-065

  - vs -          District Judge Thomas M. Rose
                          Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                :

        Respondent.

## DECISION AND ORDER

       This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Folley's Motion (ECF No. 88) to Vacate the Court's Amended Order denying without prejudice Petitioner's Motions for Summary Judgment (ECF No. 73).

       As authority, Petitioner relies on Fed.R.Civ.P. 60. Rule 60, however, applies only to obtaining relief from a final judgment. There is no final judgment in this case as yet.

       Second, Folley relies on *Bermudez v. Reid,* 733 F. 2d 18, 22 (2d Cir. 1984), for the proposition that a four-month delay in responding to a habeas corpus petition constitutes negligence and disregard. A critical distinction of *Bermudez* from the instant case is that the District Court had ordered an answer within thirty days of a date certain and the Petitioner did not seek default judgment until more than four months later. In a habeas case, the Attorney General has no obligation to answer a petition at all until he or she has been ordered to do so. In this case the Order to Answer was filed March 10, 2022, and did not command that an answer be filed until

sixty days later (ECF No. 38). Petitioner filed his motion for summary judgment on "Snow" grounds eight days later (ECF No. 49) and on speedy trial grounds three days after that (ECF No. 51). The Magistrate Judge recommended that summary judgment motions not even be considered until the record was filed (ECF No. 52). Over Folley's Objections, the Court adopted that Report and held the case would not be decided until after the record was complete (ECF Nos. 68, 73).

Folley purports to instruct the Court about what it needs to decide these two summary judgment motions, about the number of employees in the Attorney General's Office, and about how long preparation of the record should take. In the meantime he has consumed judicial time responding to motions to recuse replete with accusations that this Court has "appeased" the Montgomery County Prosecutor.

The law of the case at this point is that the Court will not decide any motions for summary judgment at least until the record is complete. Petitioner has not shown good cause to depart from the law of the case. Folley complains that the Warden can go home at night while he languishes in prison. He is there because he has been convicted of crimes for which an imprisonment sentence is authorized. The Court will deal with motions in this case in due course without allowing Folley to "jump the que." He is not entitled to more than that.

The Motion to Vacate is DENIED.

June 14, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
