# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,    :    Case No. 3:22-cv-065

 - vs -                              District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                          :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Folley's Motion "To Subpoena Mr. Mike Foley[1] Of The Common Pleas Court Of Montgomery County (Ohio) To Produce Transcripts Of Case No. 2019 CR 01878 By August 22, 2022" (ECF No. 109). Petitioner seeks to have this Court issue on his behalf a subpoena duces tecum to Montgomery County Clerk of Courts Mike Foley for the following documents:

    (01) the November 6, 2019 hearing transcript in case number -2019 cr 01878;

    (02) the May 17, 2021 trial transcript in case number -2019 cr 01878;

    (03) the appellant brief in case number ca-29142 (filed date: 05/28/2021) of the State of Ohio Court of Appeals for the Second Appellate District Court;

---

[1] Documents are sought from The Honorable Mike Foley, Clerk of both the Montgomery County Court of Common Pleas and the Ohio Second District Court of Appeals. He is not related to Petitioner or Respondent.

1

> (04) the premature notice of appeal in case number CA-29142 (filed date: 06/11/2021) in the same case;
>
> (05) appellant brief amendment in case number ca-29142 (filed date: 06/29/2021) in the same case;
>
> (06) the motion of appellant for reconsideration of final judgment in case number ca-29142 (filed date: 07/08/2021) in the same case;
>
> (07) the grand jury proceedings transcript in case number -2019 cr 01878;

(ECF No. 109).

Although he was convicted in this judicial district, Folley initially filed this case is the Northern District of Ohio. After it was transferred here in March, 2022, the undersigned issued an Order for Answer under Habeas Rule 5 within forty-eight hours (ECF No. 38). The time within which the Court has ordered an answer does not expire until September 6, 2022 (ECF No. 92, 93). That is only fifteen days more than would be consumed under Petitioner's proposed timing.

As part of the State Court Record filed with the Answer, the Court expects the Attorney General will include all of the documents Folley wants the Court to subpoena, except for the grand jury transcripts. Given the way chosen by the Supreme Court to have State Court Records prepared, certified, and filed, the Court is uncertain that substituting Mr. Folley's proposed method would be likely to improve matters.

Folley is not content to wait. He has gone so far as to accuse the Assistant Attorney General assigned to the case of misconduct. The Court assures him that he is being treated consistently with the hundreds of habeas corpus petitioners who have cases pending in this Court. Mr. Folley is wont to cite cases from other circuits and other decades in which shorter times for returns on writs were common. All that can be said is that the Court does not have control of its supply of resources for deciding cases and cannot compel clerks of courts to hire as many people as would

be needed to process these cases as fast as Mr. Folley believes warranted.

Since this case was filed in December 2001, it has accumulated more than 650 pages of filings, of which probably fewer than twenty-five have been generated by Respondent and we still have not begun to grapple with substantive issues in the case.

Because it would subvert the process chosen by the Supreme Court for making up the record in these cases, Petitioner's Motion for Subpoena is DENIED.

July 29, 2022.

s/ *Michael R. Merz*  
United States Magistrate Judge