UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEREK O. FOLLEY, | : | |
| | : | |
| Petitioner, | : | Case No. 3:22-cv-65 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| KEITH J. FOLEY, Warden, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Respondent. | : | |

---

ENTRY AND ORDER OVERRULING PETITIONER'S OBJECTION TO RESPONDENT'S SECOND EXTENSION OF TIME (DOC. NO. 98), OVERRULING PETITIONER'S FIRST AMENDMENT TO OBJECTION TO RESPONDENT'S SECOND EXTENSION OF TIME (DOC. NO. 102), OVERRULING PETITIONER'S SECOND AMENDMENT TO OBJECTION TO RESPONDENT'S SECOND EXTENSION OF TIME (DOC. NO. 111), AND ADOPTING AS THE ORDER OF THIS COURT THE MAGISTRATE JUDGE'S JULY 7, 2022 DECISION AND NOTATION ORDER GRANTING THE RESPONDENT'S MOTION FOR EXTENSION OF TIME TO ANSWER PETITION (DOC. NO. 92)

---

This 28 U.S.C. § 2254 *habeas corpus* case is before the Court on the following documents filed by Petitioner Derek O. Folley ("Petitioner"): Objection to Respondent's Second Extension of Time (Doc. No. 98) (the "Initial Objection"), Objection to Respondent's Second Extension of Time First Amendment (Doc. No. 102) (the "Amended Objection"), and Second Amendment - Objection to Respondent's Second Extension of Time (Doc. No. 111) (the "Second Amended Objection").

On July 7, 2022, Respondent Keith J. Foley, Warden (the "Respondent") filed Respondent's Motion for Extension of Time to Answer Petition (Doc. No. 92). In that motion, the Respondent explained that it was moving for a sixty-day extension of time to answer Petitioner's petition for writ of habeas corpus because "Montgomery County does not have the needed state

1

court documents and transcripts available online" and, "[t]hough [R]respondent has requested these documents, the same have not yet been received." (Doc. No. 92 at PageID 396.)

Magistrate Judge Michael R. Merz subsequently issued a Notation Order granting Respondent's motion (the "July 7, 2022 Notation Order") and extending Respondent's answer deadline to September 6, 2022. In the July 7, 2022 Notation Order, Magistrate Judge Merz explained that, "[a]lthough Petitioner has already opposed Respondent's prior motion for extension, Respondent cannot answer without the required state court documents which Montgomery County has not yet produced. If th[e] documents have not been produced by August 1, 2022, Respondent should apply for a writ of certiorari for the documents." (07/07/2022 Notation Order.)

Petitioner timely filed the Initial Objection on July 18, 2022. (Doc. No. 98.) The Initial Objection clarifies that Petitioner is objecting to Judge Merz's Notation Order granting the Respondent's motion. (*See* Doc. No. 98 at PageID 456 (requesting the Court "REVERSE the ORDER Granting 'The Respondent' an extension of time to September 2022").) Petitioner amended his Initial Objection on July 27, 2022 (Doc. No. 102) and again on August 1, 2022 (Doc. No. 111). Respondent has not filed any response to the Initial Objection, Amended Objection, or Second Amended Objection.

Pursuant to Federal Rule of Civil Procedure 72(a), when a party files timely objections to a magistrate judge's decision that involves non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [the Magistrate Judge's] legal conclusions will be reviewed under the more lenient 'contrary to

law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (Table), 1994 WL 83265.

The undersigned has reviewed the record and considered the objections filed by Petitioner. The undersigned finds that no part of Magistrate Judge Merz's decision concerning Respondent's Motion for Extension of Time to Answer Petition (Doc. No. 92), as set forth in the July 7, 2022 Notation Order, is clearly erroneous or contrary to law. *See Jarrett v. Toxic Action Wash*, 103 F.3d 129 (Table), 1996 WL 690160, at *1 (6th Cir. Nov. 27, 1996) ("[t]he district court has broad discretion to enlarge the time for any action"); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001) (a district court has the discretion to extend "the time to file a response to a habeas corpus petition"). The undersigned agrees with the reasoning of Magistrate Judge Merz and **ADOPTS**, in full, the July 7, 2022 Notation Order as the Order of this Court. Accordingly, the Court **OVERRULES** Petitioner's Objection to Respondent's Second Extension of Time (Doc. No. 98), Objection to Respondent's Second Extension of Time First Amendment (Doc. No. 102), and Second Amendment - Objection to Respondent's Second Extension of Time (Doc. No. 111). This case is to proceed, with Respondent's answer to Petitioner's petition for writ of habeas corpus to be filed on or before September 6, 2022.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 15, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE