UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DEREK O. FOLLEY, | : |
| Petitioner, | : Case No. 3:22-cv-65 |
| v. | : Judge Thomas M. Rose |
| KEITH J. FOLEY, Warden, | : Magistrate Judge Michael R. Merz |
| Respondent. | : |

**ENTRY AND ORDER OVERRULING THE PETITIONER'S OBJECTION TO MAGISTRATE JUDGE STRICKEN NOTICE OF APPEAL (DOC. NO. 140) AND THE PETITIONER'S OBJECTION TO MAGISTRATE JUDGE STRICKEN NOTICE OF APPEAL (DOC. NO. 167)**

This 28 U.S.C. § 2254 *habeas corpus* case is before the Court on "The Petitioner's Objection to Magistrate Judge [sic] Stricken Notice of Appeal" (Doc. No. 140) and "The Petitioner's Objection to Magistrate Judge Stricken Notice of Appeal" (Doc. No. 167) (the "Objections"), filed by Petitioner Derek O. Folley ("Petitioner").

On August 18, 2022, Petitioner filed two documents: (1) "The Petitioner, Notice of Appeal -Of Decision and Order Denying Motion for Evidentiary Hearing" (Doc. No. 128); and (2) "The Petitioner, Notice of Appeal -Tenth Amendment Reserved to the People Violation to the United States Supreme Court Per Rule 18, Appeal From a United States District Court of the – Rules of the Supreme Court of the United States" (Doc. No. 129).  Magistrate Judge Michael R. Merz subsequently issued a "Decision and Order" (Doc. No. 130) (the "Decision") that struck each filing because "(1) it is an order on a non-dispositive pre-trial motion by a Magistrate Judge which is appealable only to the assigned District Judge, not to either the Sixth Circuit Court of Appeals or the United States Supreme Court and (2) it is untimely." (Doc. No. 130.)  Petitioner timely filed

1

an objection on September 2, 2022. (Doc. No. 140.) Petitioner filed another objection on September 27, 2022 that is virtually identical to the one filed on September 2, 2022. (Doc. No. 167.)

Pursuant to Federal Rule of Civil Procedure 72(a), when a party files timely objections to a magistrate judge's decision that involves nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [the Magistrate Judge's] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (Table), 1994 WL 83265 (6th Cir. Mar. 14, 1994).

The undersigned has reviewed the record and considered the Objections filed by Petitioner. The undersigned finds that no part of the Decision is clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Petitioner's Objections (Doc. No. 140 and Doc. No. 167). Both of Petitioner's notices of appeal (Doc. No. 128 and Doc. No. 129) have been stricken.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 28, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE