# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,    :    Case No. 3:22-cv-065

 - vs -                               District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                                :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss (ECF No. 172) to which Petitioner has timely responded ("Traverse," ECF No. 176). The Motion is therefore ripe for decision.

Petitioner seeks relief from his conviction in the Common Pleas Court of Montgomery County, Ohio, on three counts of unlawful sexual conduct with a minor. His Traverse is directed to the merits of his claims for relief, particularly his claim of a speedy trial violation, his claim of a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), his claim of an equal protection violation by refusal to recognize something he calls federal common law marriage, and his claim of denial of compulsory process by now allowing Attorney Theresa Haire to testify about that subject.

However, the Traverse does not address the claim made by Respondent that all the claims in the Petition are barred by Petitioner's procedural default in failing to present his claims to the

1

Second District Court of Appeals on direct appeal. That is the basis of Respondent's Motion to Dismiss.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default

> doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

**Litigation History**

On June 18, 2019, a Montgomery County grand jury indicted Folley on three counts of unlawful sexual conduct with a minor in violation of Ohio Revised Code § 2907.04. After a forensic evaluation at which Folley was found competent to stand trial and his waiver of counsel, the trial jury found him guilty on all counts in May, 2021 (Verdicts, State Court Record, ECF No. 171, Ex. 32). Folley was sentenced to an aggregate sentence of fifteen years. *Id.* at Ex. 37.

On May 27, 2021, Folley filed a Notice of Appeal. *Id.* at Ex. 39. The next day the State filed a Motion to Dismiss the appeal for lack of a final appealable order. *Id.* at Ex. 40. Ex. 37, the

3

Termination Entry imposing sentence, was not filed until September 9, 2021. *Id.* at Ex. 37. Of course the trial court's ability to file a sentencing entry was impeded by the pendency of the appeal; a Notice of Appeal, whether or not proper, transfers jurisdiction to the court of appeals. On June 11, 2021, the Second District Court of Appeals dismissed the appeal because there was no final appealable order, a prerequisite to appellate jurisdiction. *Id.* at Ex. 43. It then overruled a motion for reconsideration as untimely and without merit. *Id.* at Ex. 45. On June 2, 2021, Folley filed what he captioned as a premature notice of appeal to the Ohio Supreme Court (State Court Record, ECF No. 171-1, Ex. 52). In dismissing that appeal, the Second District noted that a notice of appeal filed only in the appeals court does not confer jurisdiction on that court; rather, the notice must be filed in the trial court. *Id.* at Ex. 54. To protect Folley's right to properly appeal his conviction, the Second District ordered:

> {¶6} Accordingly, we find that the trial court lacked jurisdiction to enter the June 7, 2021 Termination Entry while a previous appeal was pending. The June 7 Termination Entry is not a final appealable order. *See Murrell* at ¶ 7, citing *Karras* at ¶ 5. We therefore DISMISS this appeal, Montgomery Appellate Case No. 29188.
>
> {¶7} This matter is RETURNED to the trial court to re-enter the Termination Entry. Thereafter, Folley may take a timely appeal from the re-entered Termination Entry by filing a new notice of appeal in the trial court.

(*State v. Folley*, Decision and Final Judgment Entry, Case No. 29188, Aug. 24, 2021)(copy at State Court Record, ECF No. 171-1, Ex. 56). The trial court did as it was ordered to do and re-entered the Termination Entry on September 9, 2021. *Id.* at Ex. 57. However, so far as the State Court Record shows, Folley has never appealed within thirty days of September 9, 2021, or at any time. Nor did Folley attempt to appeal from the Second District's August 24, 2021, decision to the Supreme Court of Ohio.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule – a notice of appeal from a criminal conviction must be filed within thirty days of entry of the final appealable order. While Ohio has not actually enforced this rule in this case, there is no doubt that it would do so if Folley filed an untimely notice of appeal at this date; because the notice of appeal requirement is jurisdictional, the Second

District would be bound to dismiss any such appeal filed now. Time limits on appeals are ubiquitous in the American system of jurisprudence and are necessary to bring finality to criminal cases. Such a time limit applies to criminal convictions in the federal system. Finally, Folley has not shown any excusing cause for his failure, especially in the fact of explicit instructions from the Second District.

Because Folley was required to appeal from the September 9, 2021, final appealable order, did not do so, and cannot now do so, he has procedurally defaulted all the claims made in his Petition, which should be dismissed with prejudice as procedurally defaulted. The Petition should therefore be dismissed with prejudice in its entirety. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

October 13, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge