# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,       :      Case No. 3:22-cv-065

  - vs -                          District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                              :

        Respondent.

## OMNIBUS REPORT AND RECOMMENDATIONS; DECISION AND ORDER ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, is before the Magistrate Judge on District Judge Rose's Recommittal Order (ECF No. 197) which recommits to the undersigned consideration of all pending motions and objections for comprehensive consideration.

Folley was indicted June 18, 2019, on three counts of unlawful sexual conduct with a minor in the Common Pleas Court of Montgomery County (Indictment, State Court Record, ECF No. 171, Ex. 1). Through counsel he pleaded not guilty by reason of insanity and claimed to be incompetent to stand trial. *Id.* at Ex. 5, but upon examination was found competent. *Id.* at Ex. 10. Folley then waived appointed counsel and filed a *pro se* Motion to Dismiss the Indictment which he then amended several times. *Id.* at Exs. 15-19, 22-27. Part of the Motion is an extended argument that he is married to the victim at common law.

Folley was tried by a jury which on May 21, 2021, found him guilty on all three counts and of

the specification that he was more than ten years older than the victim. *Id.* at Ex. 32. On May 27, 2021, he filed a Notice of Appeal to the Ohio Second District Court of Appeals. *Id.* at Ex. 39. On September 9, 2021, Folley was sentenced to five years on each count with the terms to be served consecutively. *Id.* at Ex. 37.

Because he filed the Notice of Appeal before sentencing, the State moved to dismiss the appeal for lack of a final appealable order (State Court Record, ECF No. 171-1, Ex. 41). Folley responded that the Notice of Appeal was only premature and would become effective when a final appealable order was entered. *Id.* at Ex. 42. He claimed that he had a right to file such a premature notice and that to refuse the notice would amount to a deprivation of equal protection of the laws. *Id.* The Second District rejected his position and wrote:

> ¶ 4 An appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(8)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

*State v. Folley*, Case No. 29142 (Ohio App. 2nd Dist. June 11, 2021)(copy at ECF No. 171-1, Ex. 43 PageID 1811.) It noted that the rule recognizing premature notices of appeal applies only when such a notice is filed after a trial court has announced a final decision but not yet journalized it. Because Folley had not been sentenced when he filed the Notice of Appeal, it was ineffective. *Id.* at PageID 1813. Folley's appeal was dismissed for lack of jurisdiction. *Id.* at PageID 1815. The Second District expressly held he could appeal the conviction and sentence, as well as pre-judgment rulings on motions, when a final appealable order was entered. *Id.* at PageID 1814.

On July 8, 2021, Folley filed a motion for reconsideration in which he accused the Second District of being "imbeciles" and conspiring to deprive him of his constitutional rights as a *pro se* litigant. *Id.* at Ex. 44. Without reacting to his opprobrium, the Second District denied the motion

as untimely and without merit. *Id.* at Ex. 45. On August 13, Folley moved for "Reconsideration of Incompetent Judicial Officials['] Illegal Judgments." *Id.* at Ex. 46. The Second District noted that on August 24, 2021, it had ordered the case returned to the trial court for re-entry of the termination entry to allow Folley to file a timely appeal. *Id.* at Ex. 48, PageID 1875. The Common Pleas Court followed that order and re-entered final judgment on September 9, 2021.

Instead of appealing from that judgment to the Second District, Folley appealed, on August 24, 2021, to the Supreme Court of Ohio from the Second District's June 11, 2021, decision. *Id.* at Ex. 49. On November 9, 2021, the Supreme Court declined to exercise jurisdiction and denied twenty-eight motions Folley had filed in the interim. *Id.* at Ex. 51.

On December 13, 2021, Folley filed his Petition for Writ of Habeas Corpus in the District Court for Northern Ohio (ECF No. 1). He pleaded the following grounds for relief:

> **Ground One:** Speedy Trial Violation
>
> **Supporting Facts:** The Petitioner was arrested on June 7, 2019 and requested a "Speedy Trial" by motion on July 2, 2019. The Petitioner asserted his SPEEDY TRIAL RIGHT in over forty (40) occurrences in the trial court adversarial proceeding. The Petitioner OBJECTED on numerous of intervals during the trial court judicial proceeding for violating his SPEEDY TRIAL RIGHT. On May 17, 2021, the Petitioner was finally brought to trial.
>
> **Ground Two: Impartial Jury Violation**
>
> **Supporting Facts:** On June 3, 2021, prior to the sentencing hearing, Petitioner filed Motion of Objection to Sentencing for *Blakely* violation as a *pro se* Motion.
>
> **Ground Three:** *Brady* **Violation – Due Process of Law**
>
> **Supporting Facts**: On May 5, 2021, the Petitioner filed MOTION FOR DISCOVERY UNDER BRADY-GUILT OR PUNISHMENT- GRAND JURY TRANSCRIPT In the Common Pleas Court Of Montgomery County, Ohio in pursuant to case number: 2019 CR 01878. The Montgomery County Prosecutor's

> Office knew that the Petitioner was a "Pro Se" Litigant and failed to give him a COPY of the CHILDREN'S MEDICAL CENTER S.A.N.E. NURSE REPORT by claiming that it was for COUNSEL ONLY. This *Brady* Violation had contradiction and perjured statements made by the State of Ohio Star-Witness.
>
> **GROUND FOUR: Double Jeopardy (Multiplicity Indictment) Violation**
>
> **Supporting Facts**: The Petitioner was arrested on June 7, 2019 and charged with THREE (3) COUNTS of UNLAWFUL SEXUAL CONDUCT WITH A MINOR (FELONY THREE). On November 6, 2019, the Petitioner filed "*MOTION TO DISMISS DOUBLE JEOPARDY MULTIPLICITY INDICTMENT FILED PRO SE.*" On November 14, 2019, the Petitioner filed "*NOTICE OF THE ACCUSED* [.]
>
> **Ground Five**: **Compulsory Process Violation**
>
> **Supporting Facts**: On May 17, 2021, the Petitioner was brought to trial. During the Jury Trial, The Petitioner requested to bring Stand-by Counsel, Ms. Theresa Haire as an expert witness. The trial court (Judge Mary Montgomery) prohibited Ms. Haire to be a witness for the Petitioner in the Common Pleas Court of Montgomery County, Ohio in pursuant to case number "2019 CR 01878."
>
> **Ground Six: Miscarriage Of Justice Violation**
>
> **Supporting Facts**: On May 17, 2021, the Petitioner was brought to trial. During the Jury Trial, the Petitioner cross-examine Ms. Mayes the former guardian of "M.R.W". Ms. Mayes stated the 'M.R.W." informed her that she married the Petitioner at common-law on June 7, 2019. The Petitioner stated that he married "M.R.W." at common-law in pursuant to "*Peefer v. State*" on June 7, 2019.

(Petition, ECF No. 1).

Without engaging in the initial screening contemplated by Habeas Rule 4, District Judge Lioi denied all pending motions and transferred the case to this Court on March 3, 2022 (ECF No. 38). Finding venue to be proper in this Court, we declined to transfer it back (ECF No. 40). Since then, Petitioner has filed a veritable flood of motions. Having accused Judge Lioi of transferring the case as an "anti-Semitic" tactic, quickly switched to accusing the undersigned of "finagling" the case in favor

4

of Montgomery County Prosecutor Mathias Heck (ECF No. 63). Within another three weeks, he had moved to recuse District Judge Rose (ECF No. 75). Before the Warden had even responded to the Petition, the record was already over 1,200 pages thick with perhaps ten pages contributed by Respondent.

On October 4, 2022, Respondent filed the State Court Record (ECF No. 171) and his Motion to Dismiss (ECF No. 172), bringing the case to its present posture. The same day the undersigned notified Petitioner that his deadline to oppose the Motion to Dismiss was October 28, 2022, a date dictated by S. D. Ohio Civ. R. 7.2 (ECF No. 173). This precipitated a flurry of responses from Petitioner, the first of which was Petitioner's Traverse (ECF No. 176). Folley objected to the Notice of Deadline but did not dispute the calculation under S. D. Ohio Civ. R. 7.2 or ask for a specific extended date (ECF No. 180). He filed motions for summary judgment on his speedy trial and double jeopardy/multiplicity claims (ECF Nos. 178, 183, 185) which the undersigned has recommended denying (ECF Nos. 179, 184). He has filed a document expressly labeled as Opposition to Motion to Dismiss (ECF No. 192) while complaining that the Court has denied him due process by not giving him time to respond (ECF No. 200).

This Omnibus Report attempts to resolve all outstanding issues with Petitioner's case.

## Analysis

Shortly after the Magistrate Judge reference in this case was transferred to the undersigned, the Court ordered Respondent to file

> an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies,

5

a procedural bar, non-retroactivity, or a statute of limitations.

(Order, ECF No. 38, PageID 15.) In response, the Warden filed the State Court Record (ECF No. 171) and the Motion to Dismiss (the "Motion," ECF No. 172). In the Motion Respondent seeks dismissal of the Petition in its entirety, based on the affirmative defense of procedural default. In the Report and Recommendations initially filed on the Motion, the undersigned recommended that the Motion be granted because Petitioner had not addressed that defense (ECF No. 177).

However the Report was premature because Petitioner was entitled to respond to the Motion up to and including October 28, 2022. This Omnibus Report addresses Petitioner's filing since the Motion to Dismiss which address that Motion.

Petitioner's Motion to Strike the Motion to Dismiss (ECF No. 181) does not address the merits of the Motion to Dismiss, but its manner of service. Petitioner has since acknowledged receiving the Motion on October 13, 2022 (See ECF No. 200-1, PageID 2343).

On October 27, 2022, Petitioner filed a Motion to Vacate the Report on the grounds of mistake or inadvertence (ECF No. 195). The Motion is made under Fed.R.Civ.P. 60 which applies only to final judgments of the District Court; the Report is, of course, not a judgment at all, but only a recommendation for judgment. Because the Motion is made pre-trial, it is within the original decisional authority of an assigned Magistrate Judge. 28 U.S.C. § 636(b)(1)(A). The Motion seeks to have the Report vacated because "The Petitioner" never intended for "The Petitioner's Traverse" to be a response for "The Respondent's Motion To Dismiss" in this judicial proceeding. This was a clerical mistake manifested by the Clerk Of Court." Obviously this does not address the merits of the Motion to Dismiss. The Motion to Vacate is denied.

Folley's opposition to the Motion to Dismiss, labeled as such, was filed October 24, 2022 (ECF No. 192). Folley first claims that the refusal of the Second District Court of Appeals to treat his Notice of Appeal before judgment as a premature but effective notice of appeal violates the

Tenth Amendment to the United States Constitution (Proposition of Law I, ECF No. 192, PageID 2259). Folley cites absolutely no authority for the proposition that the right to have a document treated as an effective (i.e. jurisdiction conferring) notice of appeal in a state court of appeals is a right reserved to the people. No such authority is known to the undersigned. There is in fact no federal constitutional right to appeal a state court criminal judgment at all. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Folley next claims that the Second District's ruling deprives him of equal protection of the laws (Proposition of Law II, ECF No. 192, PageID 2259). Folley provides no argument or analysis to explain this claim. The ruling of the Second District discriminates between appellants who file a notice of appeal after oral announcement of a decision in the trial court but before journalization, whose notices of appeal will count as "premature," and those like Folley who file their notice of appeal even before a decision is announced, whose notices of appeal will not count as premature. There is no discrimination here on the basis of some suspect class (race, nationality, gender). Nor is there any basis offered for finding a class of one: differential treatment just because the government decisionmaker doesn't like Folley.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). The States cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat a person differently from others similarly situated without

any rational basis for the difference. *Id.; Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

In Proposition of Law III, Folley claims Respondent violated the Rules Governing § 2254 Cases by not filing trial transcripts and appellant's briefs from the Second District. That appears to be correct, but Folley's remedy would be to move to expand the record. Neither trial transcripts nor appellant's briefs would address the critical material question: did Folley ever appeal to the Second District after they remanded the case for re-entry of final judgment so that Folley could timely appeal? The record as filed shows that he did not. Instead he appears to have relied on his "premature notice is effective" claim.

In Proposition of Law No. 4, Folley claims the Second District violated the prison mailbox rule adopted by the Supreme Court in *Houston v. Lack,* 487 U.S. 266 (1988). That rules requires federal courts to treat as filed matters directed to the federal courts from the date they are deposited in the prison mailbox. However, the mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000). Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive.)

In Proposition of Law No. 5, Folley disagrees with the Second District's interpretation of the Ohio Rules of Appellate Procedure as they relate to "premature" notices of appeal (ECF No. 192, PageID 2265). What counts as a final appealable order for purposes of conferring jurisdiction on an Ohio courts of appeals is plainly a question of Ohio law. This Court is bound to accept decisions of the state courts on state law, particularly in the case in suit. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged

8

conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

In Proposition of Law 7, Folley again contends the Second District was in error by virtue of *State v. Tripodo,* 50 St.2d 124, 127 (1977). Tripodo actually stands for the opposite proposition. It held that a ruling of trial court did not constitute final judgment from which appeal could be taken when the ruling was intended to be announcement of decision and decision was not later finalized by appropriate judgment entry. This supports the Second District's decision here.

In Proposition of Law 8, Folley relies on *State v. Craig*, 159 Ohio St.3d 398 (2020), where the Ohio Supreme Court allowed an appeal to proceed on one count despite the continued pendency of another count, because after conviction of the first county, defendant had been found incompetent to stand trial. That logic does not apply to Folley who was found guilty on all counts and there was no intervening finding of incompetency.

In Proposition of Law 9, Folley relies on *State ex rel Casey v. Sixth District Court of Appeals*, 29 Ohio St. 2d 90 (1972). In that case, the Ohio Supreme Court held the Sixth District had jurisdiction to decide whether an appeal had been perfected, not that the appellant had done so with his premature notice of appeal.

In Proposition of Law 10, Folley suggests the absence of transcripts could be remedied by a subpoena to Mike Foley, Clerk of Courts for Montgomery County. That does not speak to the merits of the Motion to Dismiss.

In Proposition of Law 11, Folley accuses this Court of being a Kangaroo Court, citing *Rideau v. Louisiana*, 373 U.S. 723 (1963), which dealt with prejudicial pretrial publicity in a capital case. It has nothing to do with the Motion to Dismiss.

9

In Proposition of Law 12, Folley reminds us of the truism that habeas relief can be granted only on proof a conviction is tainted by violation of the United States Constitution.

Folley has not shown that he ever effectively appealed from the final judgment of conviction to the Second District Court of Appeals, despite the Second District's remand to give him a chance to do so.

In addition to the document just discussed, Folley has also filed on October 24, 2022, a document entitled First Amendment Response in Opposition to Motion to Dismiss (ECF No. 187). He does not discuss the relationship of his Response to the First Amendment, merely claiming that his procedural default should be excused, presumably attempting to claim in some unspecified way that the First Amendment right of access to the courts should displace procedural default doctrine. Because procedural default doctrine is largely the product of Supreme Court decisions (See e.g, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)), it seems peculiar that Folley cites no Supreme Court authority in support of his First Amendment proposition; none is known to the Court.

Folley has also filed proof that he filed an Amended Brief in the Second District on June 29, 2021 (ECF No. 189). That simply does not respond to the claim of procedural default by failure to file an effective notice of appeal after the case was remanded. A brief is not a notice of appeal.

After Judge Rose's Recommittal Order on October 31, 2022, but before this Report could be completed, Folley filed three more documents. The first is The Petitioner's Proof of the Record and Exhibit of the Due Process Of Law Violation For Failure To Be Given The Opportunity To Respond After Obtaining The Respondent's Motion To Dismiss (Doc. #: 172) on 10/13/2022 (ECF No. 200), filed November 2, 2022. The second is a document filed November 4, 2022, with exactly the same title (ECF No. 201).

Folley recites the fact, evident from the docket, that Respondent's Motion to Dismiss was filed by the Clerk on October 4, 2012, at about 11:30 A.M. (ECF No. 200, PageID 2338). Two hours earlier the Clerk had filed what purports[1] to be a copy of a Petition for Writ of Certiorari filed by Folley in the Supreme Court of the United States (ECF No. 170). A week later Folley filed his Traverse (ECF No. 176)[2]. He concludes this act of the Clerk denied him due process by denying him a meaningful opportunity to respond to the Motion to Dismiss (ECF No. 200, PageID 2338).

Folley ignores the fact that on October 5, 2022, the day after the Motion to Dismiss was filed, the Court notified him that he had a right to respond with a deadline of October 31, 2022 (ECF No. 173). He is completely silent on when he received that Notice. He acknowledges several times that he actually received the service copy[3] of the Motion to Dismiss on October 13, 2022 (ECF No. 200-1, PageID 2343; ECF No. 201, PageID 2349). If Folley believes that the eighteen days between October 13 and October 31 was not a sufficient opportunity to respond, he could easily have asked for an expansion of that time. He has not.

The Report recommending dismissal was filed before many of the papers Folley has now filed opposing the dismissal motion, but they have all been dealt with above. Despite rhetoric about the First Amendment and not "utiliz[ing] the race card,"[4] Folley has nowhere dealt with the substantive basis of the Motion to Dismiss, the absence from the record of an effective notice of appeal from his conviction.

Lastly, in a document November 4, 2022, and entitled "Petitioner's Objection to the

---

[1] The document is styled as a Petition for Writ, but it does not bear any indicia of having actually been filed in the Supreme Court.
[2] Folley claims the Clerk misdocketed this paper as Folley's Response in Opposition to Motion to Dismiss. That misrepresents the docket, which says "Traverse."
[3] The mail log shows this document was received from the Attorney General's Office.
[4] ECF No. 201, PageID 2348. What the function of using this phrase is, aside from actually "playing the race card, is completely mysterious to the undersigned.

Magistrate Judge's 'Response To Petitioner's Objections (Doc. #: 191)' filed on 10/25/2022" (ECF No. 202) Folley complains that the Magistrate Judge has deprived him of equal protection of the laws by requiring that Folley combine all of his objections to the Report on Motion to Dismiss into one document. *Id.* at PageID 2356. This is said to deprive Folley of equal protection because he was earlier allowed to file an Objection to the Magistrate Judge Report on Petitioner's Summary Judgment Motions (ECF No. 67), an Amended Objection (ECF No. 69), a Second Amendment to Objection (ECF No. 62), and a Third Amended Objection (ECF No. 70).

The general requirements for establishing an equal protection violation are set forth above and these allegations do not meet them – Folley has not shown how he was somehow discriminated against in being required to combine his objections in one document. In fact, the order to combine objections was necessary to deal with Folley's multiple filings on the summary judgment motions which required District Judge Rose to amend his order adopting the summary judgment R&R within a week of first entering it (See ECF Nos. 68, 73).

Fed.R.Civ.P. 72 which authorizes objections to Magistrate Judge orders or reports does not authorize multiple filings. The Order requiring that Folley combine his objections in one document was merely an enforcement of the correct interpretation of Fed.R.Civ.P. 72. Folley's equal protection objection to that Order should be overruled.

**Conclusion**

The Motion to Dismiss (ECF No. 172) should therefore be granted. That dismissal will render moot any other motions or objections which are on file. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of

appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

Because of the confusion engendered by Folley's multiple filings since the Motion to Dismiss was filed, he is ordered to file all of his objections to this filing in one document labeled as "objections."

November 7, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
