# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Petitioner,    :    Case No. 3:22-cv-065

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

    :
    Respondent.

## ENTRY AND ORDER OVERRULING PETITIONER'S PENDING OBJECTIONS AND MOTION FOR RECUSAL, ADOPTING THE PENDING OMNIBUS REPORT AND RECOMMENDATIONS, AND ORDERING THE ENTRY OF JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Derek Folley under 28 U.S.C. § 2254, seeks relief from his convictions in the Montgomery County Court of Common Pleas on three counts of unlawful sexual conduct with a minor.  It is before the Court on Folley's Objections (ECF No. 212) to the Magistrate Judge's Omnibus Report and Recommendations (ECF No. 203); his Objections (ECF No. 206) to the Magistrate Judge's Order on Motion to Vacate (ECF No. 196); his Objections (ECF No. 204) to the Magistrate Judge's Report and Recommendations on Motion for Summary Judgment (ECF No. 194); and his Objection (ECF No. 216) to the Magistrate Judge's Response to Motion for Disqualification, which the Court construes as an objection to the 11/28/2022 Notation Order denying Folley's Motion for Recusal of the Magistrate Judge (ECF No. 210).

As required by Fed.R.Civ.P. 72, the Court has considered *de novo* each portion of the Omnibus Report and Recommendations and the other Magistrate Judge filings to which objection has been made

1

and concludes that Petitioner's objections are without merit.

The Magistrate Judge has accepted Respondent's argument that Petitioner has procedurally defaulted all of his claims by failing to take a timely direct appeal to the Ohio Second District Court of Appeals from his conviction. (ECF No. 203.) In his Objections, Petitioner continues to rely on his theory that the Notice of Appeal he filed before judgment was entered in his criminal case was a "premature" notice which became effective when the final appealable order was entered. (*See, e.g.,* ECF No. 212 at PageID 2465-69.) That is a question of Ohio law on which the Second District has clearly ruled against Petitioner. This Court is bound to accept the Ohio court's ruling on what Ohio law is. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

The Court accepts the Magistrate Judge's unequivocal denial of all factual assertions made or implied in Petitioner's Motion for Recusal (ECF No. 210). Federal judicial officers are not subject to disqualification on the basis of completely unsubstantiated "rumors." Petitioner's Motion for Recusal is DENIED.

Accordingly, each of Petitioner's Objections is overruled, and the Omnibus Report and Recommendations (ECF No. 203) is ADOPTED and its recommended disposition is ACCEPTED. Therefore, Respondent's Motion to Dismiss (ECF No. 172) is GRANTED, mooting all other pending motions and objections. The Clerk is directed to enter judgment dismissing the Petition herein with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 29, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE