**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DEREK FOLLEY,

               Petitioner,           :     Case No. 3:22-cv-065

  - vs -                           District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                  :

               Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

This habeas corpus case is before the Court upon Petitioner's Motion for Reconsideration (ECF No. 225). In the body of the Motion, Petitioner has manifested his intention that the Motion be decided under Fed.R.Civ.P. 59(e) as a motion to alter or amend the judgment. *Id.* at PageID 2648.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

1

at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v.*
*Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v.*

*Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United*

*States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Folley does not tender any

purportedly new evidence with his Motion, so the Magistrate Judge reads it as arguing the Court

made an error of law in dismissing his Petition with prejudice.

The basis of the dismissal is Folley's procedural default in failing to appeal his conviction

from the Montgomery County Court of Appeals to the Ohio Second District Court of Appeals.

Folley consistent argument has been that the notice of appeal he filed before there was a final

appealable order in the Common Pleas Court counts as a "premature" notice of appeal which

became effective once a final appealable order was entered.  He repeats that argument in the instant

Motion.

Judge Rose unequivocally rejected that argument in his decision ordering the case

dismissed:

> That is a question of Ohio law on which the Second District has
> clearly ruled against Petitioner. This Court is bound to accept the
> Ohio court's ruling on what Ohio law is. *Railey v. Webb,* 540 F.3d
> 393 (6th Cir. 2008), quoting *Bradshaw v. Richey,* 546 U.S. 74, 76
> (2005) ("We have repeatedly held that a state court's interpretation
> of state law, including one announced on direct appeal of the
> challenged conviction, binds a federal court sitting in habeas
> corpus."); *Maldonado v. Wilson,* 416 F.3d 470 (6th Cir. 2005);
> *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v.*
> *Russell,* 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785
> F.2d 131, 133 (6th Cir. 1986).

*Folley v. Foley*, 2022 WL 17326475 (S.D. Ohio Nov. 29, 2022).

Attempting to overcome this precedent, Folley relies on the Tenth Amendment to assert

"The opinions and orders of the United States Supreme Court, the United States Court Of Appeals, and the Supreme Court Of Ohio are rights that he can assert within his legal pleadings and arguments."  He then recounts his analysis of the Ohio doctrine of premature notice of appeal and apparently claims constitutional status for that analysis.

There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).  Of course if a State creates an appellate process for these cases, it cannot discriminate against protected classes of citizens in violation of the Equal Protection Clause.  But there is no federal doctrine of premature notice of appeal which compels a state intermediate appellate court to treat such a document as a proper notice of appeal.  Even if Folley were correct as a matter of state law,  it is not the place of a federal court to enforce that interpretation.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Folley's Motion for Reconsideration is without merit and should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

December 12, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge