# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

   Petitioner,   :  Case No. 3:22-cv-065

 - vs -          District Judge Thomas M. Rose
              Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                 :

   Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN BASE[D] UPON ABUSE OF DISCRETION

   This habeas corpus case is before the Court upon Petitioner's Motion to Reopen Base[d] Upon Abuse of Discretion by U.S. District Judge Thomas M. Rose (ECF No. 250). Petitioner's argument is that Judge Rose was disqualified from sitting as a judge in this case because he had been assigned to Petitioner's earlier habeas corpus case, 3:22-cv-016, and had "personal knowledge of disputed evidentiary facts concerning this proceeding." In both cases Petitioner alleged he had been deprived of his right to a speedy trial. His theory seems to be that because Judge Rose had knowledge of the speedy trial allegations from the first case, he was disqualified from presiding in the second one.

   This case is on appeal to the United States Court of Appeals for the Sixth Circuit (Case No. 22-4041). Fed.R.Civ.P. 62.1 provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

1

> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Court should deny the Motion because it is without merit. The fact that a judicial officer has knowledge that a litigant **alleges** certain facts are true does not mean that judge has "personal knowledge" of those facts. Judge Rose has no personal knowledge at all concerning the facts of Petitioner's speedy trial claim based on his assignment to the earlier case. Had it been necessary to adjudicate that claim, any such knowledge would have come from the testimony of others.

The Motion to Reopen should therefore be denied.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

February 10, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
