## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

                Petitioner,           :     Case No. 3:22-cv-065

   - vs -                           District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

KEITH J. FOLEY, Warden,

                                  :

                Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court upon Petitioner's Motion to Reverse and Vacate Based Upon Judicial Abuse for Violation of Subject-Matter Jurisdiction (ECF No. 256). Petitioner's Motion is brought pursuant to Fed.R.Civ.P. 60(b)(1) and (6), requiring a report and recommendations from an assigned Magistrate Judge. Folley avers the "sole purpose of this tribunal with its fact-gathering responsibility to forward this legal pleading to the United States House Of Representatives and the United States Senate for the impeachment of United States District Judge Thomas M. Rose and United States Magistrate Judge Michael R. Merz." *Id.* at PageID 2844.

Folley claims this Court lacks jurisdiction to decide this case because both he and his custodian reside in the Northern District of Ohio. He accuses the undersigned and District Judge Rose of having solicited the transfer of the case to this District. That is untrue. Transfer was initiated *sua sponte* by Northern District Judge Sara Lioi who wrote in the Transfer Order:

Finally, Folley challenges the judgment of conviction entered by the Montgomery County Court of Common Pleas. Montgomery County is within Ohio's southern federal judicial district. He is currently incarcerated in GCI. GCI is located within Ohio's northern federal judicial district. Because Folley challenges the conviction of a state court within the Southern District of Ohio but is in custody in the Northern District of Ohio, both districts have concurrent jurisdiction over the action. 28 U.S.C. § 2241(d).

This Court has the discretion to transfer this action to the Southern District for hearing and determination. *Id*. A transfer to the Southern District is appropriate in this case because it is the more convenient forum and because the evidence is more readily accessible in the district where Folley was convicted. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied*, 464 U.S. 843 (1983)*; see also Braden v. 30th Judicial Circuit Ct. of Ky*., 410 U.S. 484, 497 n.13, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). Furthermore, Folley previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District challenging his Montgomery County conviction. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *1 (6th Cir. Aug. 31, 2020); *Folley v. Banks*, No. 1:20-cv-177, 2020 WL 2193319, at *2 (S.D. Ohio May 6, 2020). That petition was denied without prejudice. *Id.* The Southern District, therefore, is already familiar with this case.

(ECF No. 33, PageID 696).

This case is presently on appeal to the Sixth Circuit in its Case No. 23-4041.  Claims of lack of jurisdiction of this Court should be raised on appeal.  Petitioner's Motion to Vacate should be DENIED.

March 24, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge